Milligan, J.,
delivered the opinion of the Court.
This is an action of trespass on the case, brought by Amison & Dovey, for the use of J. G. Fisher & Co., in the Circuit Court of Davidson, against John O. Ewing, to hold him individually liable upon his acceptance, indorsed upon three different orders, which are properly described in the declaration, and constitute the foundation of this action. To the declaration there is a demurrer/ setting out on oyer, the several orders, with the indorsements thereon, and assigning as cause of demurrer, that the defendant did not become liable to pay the several sums mentioned in the orders, sued upon in his individual right; but that the Nashville & North-Western Railroad Company, of which he was Treasurer at the time, are responsible for the same.
The Court below sustained the demurrer, from which the plaintiffs appealed to this Court.
The orders are all drawn payable to Amison & Dovey, and by them indorsed to J. Gr. Fisher & Co. The language of these orders, except as to amounts, dates, and the names of the drawers, are as follows, viz:
“Nashville, April 18, 1861.
“Mr. John 0. Eioing: Pay to the order of Amison & Dovey, ninety dollars, on or before the 22d of this month. J- H. McAdoo.”
The other two orders, differing only in amounts, dates, and the names of the drawer, are in the following language, viz:
*368 “Nashville, April'6, 1861.
“John 0. Ewing,
“Treasurer of the N. & N.-W. Railroad Company: Pay to Amison & Dovey, two hundred and fifty-five dollars, and charge to February estimates.
“John Smith & Co.”
The language of the defendant’s acceptance, indorsed on all the orders, are in these words, viz:
“Accepted, payable on return of March estimates.
“John O. Ewing, Treas.”
Under this state of facts, the only question arising on the record, is, whether or not, the defendant is individually liable on his acceptances ? And we think he is not. He acted in the character of a public agent; and the law is well settled in this State, by our own adjudications, as well as upon principles of common law, that a public agent is not individually liable, on contracts or undertakings made by him within the scope of his agency, or in conformity to the established and known course of the business he is employed to transact. He may, it is true, transcend the scope and limits of his agency, and contract in his individual capacity; or withhold his agency from the person with whom he deals, so as thereby to make himself personally responsible. But in all such cases, we imagine it will be found, that the credit was given to the agent, and' not his principal; or that, by the terms of the contract or' undertaking, he made himself legally liable: Powell et al. vs. French, 5 Yer., 446.
In this case, the contract was made with the railroad company; the credit was given to the corporation, *369 and the defendant, by the terms of his acceptance, discloses the capacity in which he accepted the orders, and designated the fund out of which they were to be paid. In addition thereto, the acceptance shows, that the funds out of which the orders were to be paid, were not, at the time of the acceptance, in defendant’s hands. The holders had sufficient notice, by the language of the acceptance, themselves, that they must look to the company with whom they contracted, for payment, and that defendant’s office was the place at which the disbursements were made.
The difference in the language of the orders, makes no difference, under the facts of this case, in the legal liability of the defendant.
Affirm the judgment.